UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEIRI PATRICIA CASTILLO NUNEZ,

    Plaintiff,

v.                        Case No.: 2:25-cv-960-SPC-DNF

TARGET CORPORATION,

    Defendant.

## OPINION AND ORDER

Before the Court is Defendant Target Corporation's Notice of Removal (Doc. 1). Plaintiff Keiri Patricia Castilo Nunez brought this negligence suit in state court. Defendant removed to federal court, invoking diversity jurisdiction. For the below reasons, Defendant must supplement its notice of removal to avoid remand.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). And because federal courts have limited jurisdiction, they are "obligated to inquire into

subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

Here, the Court is concerned that the amount in controversy requirement is not met. Because the complaint alleges only the state-court jurisdictional amount of $50,000, Defendant relies on (1) Plaintiff's pre-suit demand of $500,000 (2) documented medical bills totaling $59,113.68 and (3) Plaintiff's allegations regarding non-economic damages to show the amount in controversy exceeds $75,000. (Doc. 1 at 5–6).

The Court is not convinced by Defendant that the amount in controversy requirement is met. A pre-suit demand letter "supported by documented medical bills and specific medical diagnoses[ ]...*may* be sufficient to plausibly allege that the amount in controversy exceeds $75,000." *Hernandez v. Burlington Coat Factory of Fla.*, LLC, No. 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015) (emphasis added) (citing *Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, at *3 (S.D. Fla. Jan. 11, 2012)). Here, there the documented medical expenses total only $59,113.68, and Defendant provides no argument that the pre-suit demand of $500,000 is

anywhere close to the actual amount in controversy. And Defendant's argument that the amount in controversy is met because Plaintiff seeks additional damages in the form of pain and suffering as well as wage loss is suspect. *See Shue v. Sam's E., Inc.*, No. 2:25-CV-486-SPC-NPM, 2025 WL 1648769, at *1 (M.D. Fla. June 9, 2025) (noting defendant's reliance on "the traditional laundry list of damages alleged in the complaint" does not satisfy the amount in controversy requirement). Defendant's assertions in totality do not show that "the amount in controversy more likely than not exceeds… the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010). So Defendant must supplement its removal notice to avoid remand.

Accordingly, it is now **ORDERED:**

On or before **December 23, 2025**, Defendant must **SUPPLEMENT** its notice of removal consistent with this Order. **Failure to do so will result in remand without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on December 9, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3