UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEIRI PATRICIA CASTILLO NUNEZ,

    Plaintiff,

v.                                    Case No.:  2:25-cv-960-SPC-DNF

TARGET CORPORATION,

    Defendant.

## OPINION AND ORDER

Before the Court is Defendant Target Corporation's Notice of Removal (Doc. 1). Plaintiff Keiri Patricia Castilo Nunez brought this negligence suit in state court. Defendant removed to federal court, invoking diversity jurisdiction. (*Id.*). The Court ordered Defendant to supplement its notice to assuage the Court's doubts that Defendant sufficiently alleged the amount in controversy. (Doc. 20). Defendant timely filed a supplement. (Doc. 21). For the below reasons, the Court remands this case.

Federal courts have diversity jurisdiction over civil actions where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). And "all

doubts about jurisdiction should be resolved in favor of remand to state court." *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1359 (11th Cir. 2021) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

The Court doubts that the amount in controversy requirement is met. In its notice of removal, Defendant relied on: (1) Plaintiff's pre-suit demand of $500,000, (2) documented medical bills totaling $59,113.68, and (3) Plaintiff's allegations regarding non-economic damages to show the amount in controversy exceeds $75,000. (Doc. 1 at 5–6). As the Court stated in its show cause order, this is insufficient to satisfy the amount in controversy requirement. (Doc. 20).

Defendant's supplement does nothing to resolve the Court's doubts that diversity jurisdiction exists. First, Defendant alleges Plaintiff filled out a civil cover sheet in state court. Plaintiff checked a box stating that the estimated value of her claim was over $100,000. (Doc. 21-1 at 1). Defendant contends this evidence helps to establish the amount in controversy. However, the Court has rejected this exact argument. *See, e.g.*, *Nieter v. Holiday CVS, L.L.C*, No. 2:24-CV-949-SPC-KCD, 2024 WL 4956662, at *1 (M.D. Fla. Nov. 1, 2024) (explaining that "the civil cover sheet is not a verified pleading or material evidence on the amount in controversy") (citing *Unwin v. Hartford Ins. Co. of the Midwest*, No. 2:21-CV-135-SPC-NPM, 2021 WL 1821415, at *3 (M.D. Fla.

2

Apr. 9, 2021)). And Defendant offers no argument to reconsider these decisions. As past is prologue, Defendant's argument lacks merit.

Second, Defendant offers Plaintiff's initial disclosures as evidence that the amount in controversy requirement is met. Specifically, Defendant relies on Plaintiff's statement she "is in the process of obtaining" additional medical bills related to her injuries. (Doc. 21 at 2). Defendant also recycles one of its initial bases for removal. Plaintiff stated in her initial disclosures she seeks compensation for future medical expenses, "lost past wages and loss of future earning capacity . . . [and] pain and suffering." (*Id.* at 3). Defendant relied on Plaintiff's assertions of these damages in her complaint to remove the case initially. (Doc. 1 at 5–6).

The aforementioned allegations are insufficient evidence to demonstrate the amount in controversy likely exceeds $75,000. Future medical bills with no indication of their cost is too speculative for the Court to rely on. *See Townson v. Brinker Fla., Inc.*, No. 3:23-CV-590-TJC-MCR, 2023 WL 3645608, at *1 (M.D. Fla. May 25, 2023) (vague allegations regarding "expenses of hospitalization" was insufficient to allege federal jurisdiction). And the Court already rejected Defendant's reliance on Plaintiff's vague and unsupported damages allegations. (Doc. 20 at 3) (citing *Shue v. Sam's E., Inc.*, No. 2:25-CV-486-SPC-NPM, 2025 WL 1648769, at *1 (M.D. Fla. June 9, 2025)). That these

allegations were regurgitated in Plaintiff's initial disclosures does not change the calculus.

Defendant alternatively asks for an extension of time to respond to the Court's show cause order to conduct jurisdictional discovery. Specifically, it would like to submit Plaintiff's answers to requests for admissions that ask a series of questions related to the amount in controversy requirement.[1] (Doc. 21 at 3–4). These are steps Defendant should have taken prior to removing the case. Defendant's "remove-first-and-establish-jurisdiction-later approach is inappropriate," so the Court rejects it. *Evanston Park Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins. Co.*, 2025 U.S. Dist. LEXIS 127602, at *5 (M.D. Fla., July 7, 2025) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007)).

"Jurisdiction is a matter of facts, not a matter of faith." *El Komati, LLC v. Vantage Risk Specialty Ins. Co.*, No. 2:23-CV-333-SPC-NPM, 2023 WL 3983742, at *2 (M.D. Fla. May 31, 2023). The Court is not satisfied on the facts presented that the amount in controversy requirement is met. And as noted earlier, "all doubts about jurisdiction should be resolved in favor of remand." *Am. Tobacco Co.*, 168 F.3d at 411. Defendant bears the burden of establishing

---

[1] Defendant sent the request for admissions to Plaintiff on December 9, 2025, the day the Court issued its show cause order. (Doc. 21 at 3).

jurisdiction by removing this case. *See Leonard*, 279 F.3d at 972. Because Defendant fails to carry its burden, remand is warranted.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit, in and for Collier County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit, in and for Collier County, Florida.

3. The Clerk is further **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 11, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record